HIDDEN *v.* KRETZSCHMAR *et ux.*

(*Circuit Court, D. Minnesota.* February 21, 1889.)

MORTGAGES—ASSIGNMENT—PAROL WAIVER BY MORTGAGOR OF CONDITIONS.

It is competent for the mortgagor to waive by parol the conditions specified in a written agreement, limiting the use of a mortgage, given to secure advances, and to consent to its assignment as collateral security for a loan.

In Equity. Bill to foreclose mortgage. On final hearing.
*Kerr & Richardson* and *Pierce & Wilkinson,* for complainant.
*Leo & George* and *John M. Boyle,* for defendants.

NELSON, J. This suit is brought to foreclose a mortgage executed by the defendant Carl Kretzschmar to T. S. Coffin, to secure the payment of his note for the sum of $10,000. The note and mortgage were assigned as collateral security for the payment of a note of $5,000, executed on the 14th day of June, 1884, at Boston, Mass., by the Red Lake Milling & Lumber Company, a corporation of the state of Minnesota, to the complainant, Hidden, a citizen of the state of Maine, and payable

April 24, 1885. At the time of the execution of the note and mortgage for $10,000, an agreement in writing was entered into between the defendant Carl Kretzschmar and T. S. Coffin, the mortgagee, specifying the conditions upon which it was executed, and the considerations influencing the mortgagor. This instrument was on record in the same office in which the mortgage was recorded, and, I think, was notice to the complainant of the exact facts therein stated, and for what purpose the mortgage was given. Although T. S. Coffin, the mortgagee, held this mortgage to secure any advances made by him to the corporation, and for services rendered in the past, and to be rendered in the future, the evidence is satisfactory that the defendant Carl Kretzschmar consented that T. S. Coffin might use it, as he did, to secure a loan of $5,000 to the corporation,—at that time being in need of money, and in a very embarrassing financial condition. It was entirely competent for the mortgagor to waive by parol the conditions mentioned in the agreement upon which the mortgage was executed, and assent to the use of the mortgage for the purpose of meeting the pressing need for money. The assignment of the mortgage as collateral security for the loan of $5,000 from the complainant appears from the evidence to have been made with the knowledge and consent of the defendant Carl Kretzschmar. True, in his testimony there are indications of remonstrance to such a use of the mortgage, and some suspicious circumstances are apparent, but no fair inference from the whole evidence would warrant me in denying the relief asked. The evidence of the witnesses introduced by the complainant, who are unimpeached, entitle him to a decree for a foreclosure to satisfy the amount due. No argument has been made or filed by the counsel of defendants, and they appear to have abandoned the case. The interest of defendant Anna Kretzschmar in the property accrued since the mortgage lien and the note for $5,000. Decree will be entered in favor of complainant. Amount due: Principal, $5,000; interest (6 per cent per annum) from June 14, 1884, to February 21, 1889, $1,507; insurance paid, $225; protest, $2.04; attorneys' fees, $100.